**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Dale Nelson, | No. CV-20-00250-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, | |
| Defendant. | |

Before the Court is Defendant's *Daubert* motion to exclude the opinions and testimony of two of Plaintiff's expert witnesses, Frank Mascia and Mark McKinnon. (Doc. 90.) The motion is fully briefed (*see* Docs. 97, 99), and the Court held oral argument on May 25, 2022. As explained below, the Court will grant the motion in part and deny it in part.

**I.    BACKGROUND**

Plaintiff alleges that while he was utilizing a knee scooter in Defendant's warehouse, one of the scooter's wheels got caught in an expansion joint in the warehouse floor and caused him to fall off the scooter and suffer injuries. Plaintiff engaged two experts to help prove his case: Frank Mascia, to establish Defendant's liability, and Mark McKinnon, to establish Plaintiff's damages, including his lost earning capacity. Defendant now moves to preclude both experts' opinions and testimony.

## II. LEGAL STANDARD

A party seeking to offer expert testimony must establish that the testimony satisfies Rule 702 of the Federal Rules of Evidence. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

As gatekeepers, trial judges make a preliminary assessment as to whether expert testimony is admissible. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 (1993). Specifically, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. To meet the requirements of Rule 702, an expert must be qualified, the expert's opinion must be reliable in that it is based on sufficient facts or data and is the product of reliable principles and methods, and the expert's testimony must fit the case such that the expert's opinion is relevant. *Id.* 589–95.

The Rule 702 inquiry is "flexible." *Id.* at 594. The focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Because the requirements of Rule 702 are conditions for determining whether expert testimony is admissible, a party offering expert testimony must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702. Fed. R. Evid. 104(a); *see also Lust v. Merrell Dow Pharms. Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

### III. DISCUSSION

#### A. Frank Mascia

Plaintiff hired Mascia, an architect, to opine on the quality and condition of Defendant's warehouse floor. Defendant now challenges the reliability of Mascia's opinion. In particular, Defendant asserts that Mascia's opinions are not the products of reliable principles and methods and were not derived from an application of any principles and methods to the facts of the case. (*See* Doc. 90 at 3–4; Doc. 99 at 2.)

Mascia opines that the "obstructed surface where Mr. Nelson was injured is clearly in violation of current codes and standards with respect to walking surfaces along a means of egress," and that "the obstacle in this walking surface violates current building code requirements, accessibility law, the expected standards of care, as well as basic common sense, thereby creating the obvious possibility of a trip and fall." (Doc. 90-1 at 11.) Mascia's report, however, fails to adequately explain how these conclusions were reached. While Mascia's report references several building codes, including the International Building Code ("IBC"), Uniform Building Code ("UBC"), and the Americans with Disabilities Act ("ADA"), it fails to analyze whether they apply in this case and, if so, whether and how they were violated by Costco.

For example, Mascia's report cites an outdated version of the IBC (the 2012 version; a new edition of the IBC is published every three years) and, even then, cites only the IBC's "Definitions" section. Specifically, Mascia provides the definition for "accessible means of egress" and then summarily concludes that "the "unexpected opening in the walking surface would be considered an obstacle and does not provide the required unobstructed path" (Doc. 90-1 at 8), without engaging in any substantive analysis or providing any specific reasons.

Similarly, Mascia's report contains only a single, opaque reference to the UBC: "As early as the 1964 Uniform Building Code (UBC) obstructions in required exits were not allowed -- Section 3301 (i). The current building code, 2012 International Building Code, includes the same requirement." (Doc. 90-1 at 8.) As noted above, the 2012 IBC is

not current and, in any case, the report fails to cite the analogous section of the IBC or explain whether, or why, § 3301(i) (or its IBC equivalent) applies in this case. For example, the report fails to assess whether the incident occurred in a "required exit."

Mascia also opines that the expansion joint violated section 302 of the ADA standards for accessible design. That section provides, in part: "Openings in floor or ground surfaces shall not allow passage of a sphere more than ½ inch (13 mm) diameter except as allowed in 407.4.3, 409.4.3, 410.4, 810.5.3 and 810.10." Although the report asserts that the "obstacle was an opening in the walking surface exceeding one-half inch," it fails to address a host of other issues, including whether any of the exceptions recognized in section 302.3 are triggered. The ADA is complex, as are the guidelines implementing its objectives. More than a single sentence is required to assess whether its provisions have been violated.[*]

Expert testimony is admissible only if the witness employs reliable principles and methods and applies those principles and methods reliably to the facts of the case. Fed. R. Evid. 702. For a court to meaningfully assess whether an expert's methods and application have been reliable, the expert must adequately detail his methods, and explain *why* the methods he employed compelled the conclusions he reached in light of the facts of the case. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("[E]xperts must explain precisely how they went about reaching their conclusions."); *United States v. Rincon*, 28 F.3d 921, 924 (9th Cir. 1994) (research must be described "in sufficient detail that the district court [can] determine if the research was scientifically valid"); *see also Naki v. State*, No. 13-cv-02189, 2015 WL 4647915, at

---

[*] In addition, the Court doubts that Mascia's opinion regarding the ADA width would be of assistance to the jury. Rule 702 permits expert testimony only in instances where the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. But here, Mascia simply opines that because the joint opening was more than a half-inch, Costco violated ADA standards. (*See* Doc. 90-1 at 3, 9.) Provided with evidence of the joint's width, the jury could easily reach this conclusion on its own; expert testimony is not required for the jury to understand that an opening exceeding a half-inch violates a standard setting a half-inch maximum. *See United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993) ("Our [Rule 702] inquiry has generally focused upon whether the expert testimony improperly addresses matters within the understanding of the average juror.").

\*4 ("Under Rule 702, the Court cannot allow [an expert] to testify to an opinion without even a token attempt at explaining her reasoning."). This is particularly true where, as here, the reliability of the expert's opinion hinges primarily on his specialized experience. *See, e.g.*, Fed. R. Evid. 702, advisory committee's notes to 2000 amendment ("If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

Mascia's report does not provide the requisite explanation. And, without an explanation as to "precisely how [Mascia] went about reaching his conclusions," the Court has "been presented with only the expert['s] qualifications, [his] conclusions, and [his] assurances of reliability. Under *Daubert*, that's not enough." *Daubert*, 43 F.3d at 1319. The Court therefore concludes that, based on the deficiencies in Mascia's report and the limited utility of his testimony, his opinions should be excluded under *Daubert* and Rule 702.

### B.     Mark McKinnon

Plaintiff retained Mark McKinnon, an economist, to opine on Plaintiff's lost earning capacity. McKinnon calculated the present value of Plaintiff's lost earning capacity at $172,872. (Doc. 90-3 at 3.) The calculation McKinnon used to reach this figure rested on two important assumptions. First, Plaintiff planned to work for eight more years. (*Id.* at 2.) Second, Plaintiff's earning capacity, absent his injury, was $20,000 a year. (*Id.*) McKinnon did not come up these assumptions himself; instead, he relied on Plaintiff's disclosures and on record evidence that Plaintiff had been offered a job by Cindy Felthous. Costco argues that these assumptions are nothing more than bald speculation and that McKinnon's opinion should therefore be excluded. (*See* Doc. 90 at 6.) Thus, Costco's objections are essentially factual: it argues that Plaintiff's version of the facts, on which McKinnon relied in forming his opinion, are inaccurate. This, however, is not a legitimate reason to exclude McKinnon's testimony at this juncture. The advisory committee's notes to Rule 702 state:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

Fed. R. Evid. 702 advisory committee's note to 2000 amendment; *see also id.* ("The language 'facts or data' is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence."). Nelson claims that McKinnon's opinion is supported by the evidence; Costco claims it is not. But the jury, not the Court, must decide whose version of the facts controls, including whether Plaintiff's work-life expectancy was in fact eight years and whether his earning capacity was in fact $20,000 per year. The jury must *then* decide whether to give weight to McKinnon's opinion. *See Nomo Agroindustrial Sa De Cv v. Enza Zaden N. Am., Inc.*, No. 05-cv-00351-TUC-FRZ, 2009 WL 211085, at *5 (D. Ariz. Jan. 29, 2009) ("The jury is entitled to hear expert testimony and decide whether to accept or reject it after considering whether predicate facts on which the expert relied were accurate.").

On the other hand, should Plaintiff fail to produce evidence to support the assumptions underlying McKinnon's opinion (e.g., if Plaintiff produces no evidence that he planned to work eight additional years), Defendant may again move to exclude McKinnon's opinion as irrelevant and unreliable. Therefore, while the Court will deny Defendant's motion to exclude McKinnon's testimony, the denial will be without prejudice.

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** granting in part, and denying in part, Defendant's Motion to Preclude the Opinions and Testimony of Frank Mascia and Mark McKinnon (Doc. 90), as described herein.

///

///

1 | Dated this 24th day of May, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge